| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|

| PLAINTIFF: Water's Edge Limited Partnership | DEFENDANT: City of Revere |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) **Charles R. Bennett Jr. (BBO # 373800) Harold B. Murphy (BBO # 362610) Murphy & King, Professional Corporation 28 State Street, Suite 3101 Boston, MA 02109 (617) 423-0400** | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | PARTY (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor ☐ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

Determination of Tax Liabilty – 11 U.S.C. §505

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[1] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[2] 02-O her (e.g. other actions hat would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought: Determination of tax liability | |

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>**Water's Edge Limited Partnership** | | BANKRUPTCY CASE NO.<br>**24-12445-CJP** |
| DISTRICT IN WHICH CASE IS PENDING<br>**District of Massachusetts** | DIVISION OFFICE<br>**Eastern** | NAME OF JUDGE<br>**Christopher J. Panos** |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br> /s/ Charles R. Bennett Jr.<br>**Charles R. Bennett Jr.** | | |
| DATE<br>**February 28, 2028** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**Charles R. Bennett Jr. (BBO # 373800)** | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

| | |
|---|---|
| In re:<br><br>**WATER'S EDGE LIMITED PARTNERSHIP,**<br><br>      **Debtor.** | **Chapter 11**<br><br>**Case No. 24-12445-CJP** |
| **WATER'S EDGE LIMITED PARTNERSHIP,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**CITY OF REVERE,**<br><br>      **Defendant.** | **Adv. Proc. No. 25-** |

## NOTICE OF REMOVAL

Pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §1452 and expressly reserving all rights otherwise to respond, Water's Edge Limited Partnership, a Massachusetts limited partnership and the debtor and debtor-in-possession in a related Chapter 11 case (the "Debtor"), hereby removes the action commenced by the Debtor against the City of Revere (the "City") in the Appellate Tax Board for the Commonwealth of Massachusetts captioned as *Water's Edge Limited Partnership v. Revere.*, F345898-22-PRO (the "ATB Action").  As grounds for removal, the Debtor states as follows:

## Nature of the Action

1.     On June 17, 2022, the Debtor commenced the ATB Action to abate taxes assessed on the Debtor's real property located at 388 Ocean Avenue (the "Property") for fiscal year 2022

by the filing of a *Petition under Formal Procedure*.

2.      The undersigned certifies that true and accurate copies of the *Petition under Formal Procedure* and all other process, pleadings, and orders in the ATB Action, including a copy of the docket in the ATB Action are attached hereto as **Exhibit A**.

3.      On December 5, 2024 (the "Petition Date"), the Debtor commenced a case under Chapter 11 of 11 U.S.C. §§ 101, *et seq.* captioned as *In re Water's Edge Limited Partnership*, Case No. 24-12445 (the "Bankruptcy Case") by the filing of a voluntary petition for relief with the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court").

4.      On February 14, 2025, the City filed a proof of claim in the Bankruptcy Case asserting a claim against the Debtor as of the Petition Date in the amount of $3,818,463 (the "Bankruptcy Claim").  The Bankruptcy Claim includes $2,048,229 asserted to be owed for real estate taxes, water and sewer fees, fines, and other charges relating to the Property.

**Timeliness of Removal**

5.      Removal of the ATB Action is timely pursuant to Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure because the Petition Date was December 5, 2024.

**Removal Under 28 U.S.C. §1452**

6.      Removal is proper under 28 U.S.C. §1452 because the Bankruptcy Court has jurisdiction over the ATB Action pursuant to 28 U.S.C. § 1334.  The ATB Action constitutes a core proceeding pursuant to 28 U.S.C. § 157(A).  Pursuant to Rule 201 of the Local Rules of the United States District Court for the District of Massachusetts, any and all cases arising under the Bankruptcy Code are automatically referred to the Bankruptcy Court.

**Consent to Final Orders or Judgment**

7.      Upon removal of the ATB Action, the Debtor consents to the entry of final orders

or judgment by the Bankruptcy Court.

### **Reservation of Rights**

8.      By this Notice of Removal, the Debtor does not waive, and expressly reserves, all

of its rights and claims in the ATB Action.

### **Service of the Notice**

9.      This Notice is being served upon all parties in interest, including all parties who

have filed an appearance in the ATB Action.

Respectfully submitted,

WATER'S EDGE LIMITED PARTNERSHIP,
By its counsel,

*/s/ Charles R.Bennett Jr.*
Charles R. Bennett Jr. (BBO # 373800)
Harold B. Murphy (BBO # 362610)
Murphy & King, Professional Corporation
28 State Street, Suite 3101
Boston, Massachusetts 02109
Telephone:  (617) 423-0400
Email:  cbennett@murphyking.com
Date:   February 28, 2025       Email:  hmurphy@murphyking.com

3

## <u>CERTIFICATE OF SERVICE</u>

I, Charles R. Bennett Jr., attorney for the appellant, hereby certify that on February 28, 2025, I served a copy of the foregoing *Notice of Removal* by first-class mail, postage-prepaid and by electronic mail (where indicated) to:

| | |
|---|---|
| City of Revere | Albert Moscone, Jr., Esquire |
| Revere City Hall | D'Ambrosio LLP |
| 281 Broadway | Counselors At Law |
| Revere, Massachusetts 02151 | 185 Devonshire Street, 10th Floor |
| | Boston, Massachusetts 02110 |
| | amoscone@dambrosiollp.com |

*/s/ Charles R.Bennett Jr.*
Charles R. Bennett Jr.

**Exhibit A**

THE COMMONWEALTH OF MASSACHUSETTS
APPELLATE TAX BOARD

Fee: $2130.45

# PETITION UNDER FORMAL PROCEDURE
## APPEAL FROM ASSESSORS' DENIAL OF ABATEMENT APPLICATION

Docket No. F- **345898**

Waters Edge Limited Partnership
_____
Appellant (Print full name of each appellant)

vs.

BOARD OF ASSESSORS OF THE CITY(TOWN) OF _____Revere_____
Appellee

1. This is an appeal from the refusal of the appellee to abate a tax assessed for the fiscal year 2022 on property owned or occupied by the appellant on January 1, 2021.

2. The address or location of the property is ___388 Ocean Ave___.

3. Property type: ☐ *single-family residence;* ☐ *condominium;* ☐ *multi-family;* ☒ *apartment building;* ☐ *hotel;*

   ☐ *office building;* ☐ *retail building;* ☐ *industrial building;* ☐ *other real estate (describe)*_____

   ☐ *personal property (describe):* _____

4. The appellee valued the property at $ __21,304,500__ and assessed a tax thereon at the rate of $ __10.40__ per $1000 in the total amount of $ __221,566.80__ .

5. Dates on which taxes were paid: __on time__; Amount of interest, if any: __none__.

6. Date the appellant applied for an abatement in writing to the appellee: __1/28/2022__

7. Date the appellee denied the abatement: ___3/15/2022___ .

8. The appellant is aggrieved by the decision of the appellee and contends that the property was overvalued and/or the following claim(s): __under both G.L. c. 59, § 59 and G.L. c. 59, § 2D(e).__

9. The appellant requests that a hearing be held upon this petition and that the Board grant an abatement.

10. Mailing address of appellant: __388 Ocean Ave__

11. Service of papers in connection with this appeal may be made on appellant or his/her attorney at:

(Print Name) __Mark J. Witkin, Esq.__ (Print Address) __Davis, Malm & D'Agostine, P.C., One Boston Place, 37th Floor,__

__Boston, MA 02108.__

(Attorney's BBO Number) ___531760___ (Tel. No.) __(617) 367-2500__

_____
Signature

APPELLATE TAX BOARD   2022 JUN 17 P 1:11   RECEIVED

15787-004

**APPELLANT MUST FILE AN ORIGINAL AND TWO COPIES OF THIS FORM**

### THE COMMONWEALTH OF MASSACHUSETTS
### APPELLATE TAX BOARD

Docket No:  F345898

Waters Edge Limited Partnership
Appellant

vs.

Board of Assessors of the City/Town of Revere
Appellee

## CERTIFICATE OF SERVICE

I, Mark J. Witkin, appellant or attorney for appellant, hereby certify that on July 11, 2022, a copy of the petition in connection with the above-described appeal was mailed by first class mail, postage prepaid, (or) delivered in hand, to the usual place of business of the appellee, addressed to it at City/Town Hall, Revere, Massachusetts.

_____
(Signature)

15787-004

RECEIVED 2022 JUL 27 A F 35 APPELLATE TAX BOARD

**THE COMMONWEALTH OF MASSACHUSETTS**

*APPELLATE TAX BOARD*
*100 CAMBRIDGE STREET*
*BOSTON, MASSACHUSETTS 02114*
***Phone:*** *(617) 727-3100* ***Fax:*** *(617) 727-6234*

February 7, 2023

Mark J. Witkin, Esq.
Davis, Malm & D'Agostine, P.C.
One Boston Place, 37th Floor
Boston, MA 02108

<u>**NOTICE OF HEARING**</u>

**Re : Waters Edge Limited Partnership v. Revere**
**Docket No.  F345898**

The above-entitled appeal has been scheduled for a **Hearing** on **Monday, March 06, 2023** at **10:00 AM.**

The hearing will be held by Zoom video conference unless the parties request, and the Appellate Tax Board ("Board") approves, an alternative hearing format. The parties may, by agreement, forego a hearing and receive a decision from the Board based on submission of documentary evidence and written statements.

All exhibits that a party intends to introduce as evidence in the hearing must be electronically submitted to the Board, with a copy to the opposing party, no later than seven (7) days prior to the hearing. Failure to provide proposed exhibits in a timely manner may result in their exclusion from evidence and/or a postponement of the hearing. In addition to proposed exhibits, assessors must provide electronic copies of the following documents to the Board and the appellant no later than seven (7) days prior to the hearing: Application for Abatement; Denial or Abatement Certificate; Affidavit of Mailing of Tax Bills; Tax Payment History; Property Record Card; Tax Bill for each fiscal year that is subject to an appeal; and a copy of the Petition Under Formal Procedure or Statement Under Informal Procedure with date stamp.

The parties may discuss and reach settlement at any time prior to the hearing. If the parties come to an agreement, a Withdrawal form or letter must be provided to the Board for each docket number.

Requests for continuances must be submitted to a clerk at the Appellate Tax Board in writing **PRIOR TO THE DATE OF THE HEARING** and shall include the reason for the request and an agreed-upon new date of hearing. Where the continuance is not agreed to, the party requesting the continuance must file a motion with the Board pursuant to Rule 16 of the Board's Rules of Practice and Procedure.

Sincerely yours,

Clerk of the Board
617-336-0308

388 Ocean Avenue



**DAVIS MALM**
ATTORNEYS·

**Mark J. Witkin**

P: 617.589.3857 | F: 617.523.6215
mwitkin@davismalm.com

*F345896 - 898*
*F349876 - 878*

December 28, 2023

William Doherty
Massachusetts Appellate Tax Board
william.doherty@mass.gov
Re:    WITHDRAWAL OF APPEARANCE
       First Tower Funding LLC v. Revere
       Waters Edge Limited Partnership v. Revere

> **RECEIVED**
> DEC 28 2023
> APPELLATE TAX BOARD

Dear Mr. Doherty,

By this letter, I respectfully request to withdraw my appearance as counsel for the above captioned matters, and all docketed appeals, effective immediately. Enclosed below is the contact information for the new counsel for the taxpayer:

Michael J. Marafito, Attorney
Pullman & Comley LLC
1500 Main Street Tower Square, #1600,
Springfield, MA 01115
Telephone: 860 424 4360
Email: mmarafito@pullcom.com

Sincerely,

Mark J. Witkin

MJW:kr



### The Commonwealth of Massachussetts
### Appellate Tax Board
*100 Cambridge Street*
*Suite 200*
*Boston, MA 02114*

*Phone-(617) 727-3100*
*Fax-617-727-6234*

## Waters Edge Limited Partnership v. Revere

Docket# : **F345898-22-PRO**                                    Status : **Petition Filed**

| **Appellant(s)** | **Representative(s)** |
|---|---|
| Waters Edge Limited Partnership | Waters Edge Limited Partnership |
| C/o Roger C. Tiedemann | c/o Michael J. Marafito, Esq., Pullman & Comley LLC |
| 33 Sicomac Road | Springfield, MA 01115 |
| Haledon, NJ 07508 | ph: (860) 424-4360 |
| | mmarafito@pullcom.com |

| **Appellee(s)** | **Representative(s)** |
|---|---|
| Revere | Revere |
| Suffolk County | |
| | Revere |
| | City Hall |
| | Revere, MA 02151 |

| **Subject Property** | **Property Assessment** |
|---|---|
| 388 Ocean Avenue | $21,304,500.00 |
| Revere, MA | |
| Suffolk County | |

### Schedule

| 03/18/2024 | 10:00AM | Hearing |
|---|---|---|

### Board Members / Stenographers / Clerks

| Board Member : | Stenographer : | Clerk : |
|---|---|---|
| **None Assigned** | **None Assigned** | **None Assigned** |

### View Chronology

| Date | Action |
|---|---|
| 06/17/2022 | Docket Number Assigned; Clerk Notifies |
| 06/17/2022 | Entry Fee Paid |
| 06/17/2022 | Petition Filed |
| 07/27/2022 | Certificate of Service |
| 02/07/2023 | Hearing Scheduled  3/6/23 |

| | |
|---|---|
| 03/03/2023 | Hearing Scheduled - Cont. to  6/6/23 |
| 03/06/2023 | Hearing |
| 06/02/2023 | Hearing Scheduled - Cont. to  9/6/23 |
| 06/06/2023 | Hearing |
| 09/06/2023 | Hearing |
| 09/11/2023 | Hearing Scheduled - Cont. to  12/18/23 |
| 12/07/2023 | Hearing Scheduled - Cont. to  3/18/24 |
| 12/18/2023 | Hearing |
| 12/28/2023 | Withdrawal of Appellant Appearance of Mark J. Witkin, Esq. filed. |